UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

KEVIN ANDUJAR,

    Plaintiff

  v.            Case No.

**STAFFING PARTNERS, INC.**, **JOE BRISK**
and **BRIAN FRICKER**, Individually

    Defendants

## COMPLAINT

Plaintiff, Kevin Andujar, by and through his attorney, Robert M. Mihelich, of the Law Office of Robert M. Mihelich, alleges as follows:

## INTRODUCTION

1. This is a claim by Plaintiff, Kevin Andujar ("Mr. Andujar") against his former employers, the Defendants, Staffing Partners, Inc. ("Staffing Partners"), Joe Brisk ("Mr. Brisk"), the Owner of Staffing Partners, Inc., and its President, Brian Fricker ("Mr. Fricker"), for unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Mr. Andujar seeks relief from the court in the form of unpaid wages, liquidated damages, attorneys' fees, and costs of suit.

## JURISDICTION AND VENUE

2. This court has jurisdiction over this matter under 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a). The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. § 1391, in that during all times material hereto, Staffing Partners, Joe Brisk and Mr. Fricker employed Mr.

Andujar and engaged in a business affecting commerce within the Eastern District of Wisconsin.

**TRIAL BY JURY IS DEMANDED**

3. Mr. Andujar demands that his claims be tried to a jury of his peers.

**PARTIES**

4. Mr. Andujar is an adult male and currently resides at 2459 S. 43rd Street, Apt. 209, Milwaukee, Wisconsin, 53404. At all times material hereto, Mr. Andujar was an employee of the Defendants Staffing Partners, Joe Brisk and Mr. Fricker as that term is defined pursuant to 29 U.S.C. § 201.

5. Defendant, Staffing Partners, Inc. is a Wisconsin corporation with its corporate headquarters located at 3476 S. 13th Street, Milwaukee Wisconsin, 53215. At all times relevant hereto, the Defendant Staffing Partners was an employer engaged in an industry affecting commerce, and has been an employer required to comply with the provisions of the FLSA pursuant to 29 U.S.C. §§ 201, *et seq.*

6. The Defendant, Joe Brisk, is the Owner of Staffing Partners and is involved in the day-to-day business operations of Staffing Partners. Among other things, Defendant Brisk has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures.

7. At all times relevant hereto, Defendant Brisk was Mr. Andujar's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d).

8. Upon information and belief, Defendant Brisk resides and is domiciled in this judicial district.

9. The Defendant, Brian Fricker, is the President of Staffing Partners and is involved in the day-to-day business operations of Staffing Partners. Among other things, Defendant Fricker has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures.

10. At all times relevant hereto, Defendant Fricker was Mr. Andujar's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d).

11. Upon information and belief, Defendant Fricker resides and is domiciled in this judicial district.

## FACTUAL ALLEGATIONS

12. Staffing Partners is a temporary staffing company that provides temporary contract labor and services to other companies and businesses.

13. Mr. Andujar began working for Staffing Partners in 2011 and has worked as a Driver and Recruiter. During the period of July 8, 2017 until he was forced to resign on March 4, 2018, Mr. Andujar's position with Staffing Partners was the "Transportation Coordinator." Mr. Andujar's job duties consisted of coordinating the transportation of temporary workers by Staffing Partners to their assigned job/work sites. Mr. Andujar worked out of Staffing Partners' branch location at 2107 South 1st Street, Milwaukee, Wisconsin.

14. Between July 8, 2017 and March 4, 2018, Mr. Andujar worked eighty-four (84) hours per week, including work performed on weekends, and was paid $14.00 per hour. Mr. Andujar was not paid for all of his hours that he worked over forty (40) hours at the overtime rate of $21.00 per hour. Mr. Andujar is informed and believes that Staffing Partners maintained a policy and practice of failing to pay appropriate overtime wages to certain employees.

**Violation of the Fair Labor Standards Act - Overtime Wages**

15. Mr. Andujar re-alleges the allegations set forth above.

16. Mr. Andujar worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

17. Defendants were Mr. Andujar's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. During the course of his employment by Defendants, Mr. Andujar was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

19. Mr. Andujar was directed by Defendants to work, and did work, in excess of 40 hours per week.

20. Pursuant to 29 U.S.C. § 207, for all weeks during which Mr. Andujar worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his hourly rate.

21. The Defendants did not compensate Mr. Andujar at a rate of one and one-half times his hourly rate for the time that he worked in excess of 40 hours in individual work-weeks.

22. The Defendants' failure to pay Mr. Andujar overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

23. The Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against all Defendants, jointly and severally, as follows:

- A. Judgment declaring that the actions of the Defendants described herein have violated the Plaintiff's FLSA rights under 29 U.S.C. §§ 201, *et seq.*;
- B. Judgment against Defendants awarding damages for all wages, salary, employment benefits and other compensation lost by reason of the violation;
- C. Judgment against the Defendants awarding Plaintiff his costs, disbursements, prejudgment interest, and actual attorney's fees incurred in prosecuting this claim, together with interest on said attorney's fees;
- D. Liquidated damages;
- E. Pre- and post-judgment interest;
- F. Injunctive and declaratory relief to prohibit the unlawful acts, policies, and practices alleged herein; and
- G. Any other relief this Court deems necessary and just.

Dated this 18th day of May 2018.

                                                      s/ Robert M. Mihelich
Robert M. Mihelich
State Bar No. 1022106
Attorney for Plaintiff
LAW OFFICES OF ROBERT M. MIHELICH
2665 S. Moorland Road, Ste. 200
New Berlin, WI 53151
Phone: (262) 789-9300
Fax: (262) 785-1729
Email: attyrmm@bizwi.rr.com